# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-3148

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota |
| Edward Allan Willoughby, also known | * | |
| as 'Eddie-Boy,' also known as 'Bobo,' | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted:   March 22, 2000

Filed:   April 13, 2000

_____

Before McMILLIAN, BRIGHT, and MURPHY, Circuit Judges.

_____

PER CURIAM.

Edward Allan Willoughby appeals from the final judgment entered in the District Court[1] for the District of Minnesota upon his guilty plea to conspiring to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. § 846.  The district court sentenced appellant to 210 months imprisonment and five years supervised release.  Counsel has filed a brief and moved to withdraw pursuant

_____

[1]The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.

to <u>Anders v. California</u>, 386 U.S. 738 (1967). For reversal, counsel argues that the district court erred in denying Willoughby a mitigating-role reduction and in calculating Willoughby's criminal history as Category III and that Willoughby received ineffective assistance of counsel. In his pro se supplemental filing, Willoughby contends that the sentencing issues raised by counsel are meritorious and that the ineffective-assistance claim should be deferred to 28 U.S.C. § 2255 proceedings. For the reasons discussed below, we affirm the judgment of the district court.

We conclude that the sentencing issues were waived below. Although counsel included them in his objections to the presentence report, he did not pursue them or request rulings on them at the sentencing hearing, he declined the opportunity for an evidentiary hearing, and he allowed sentencing to be completed without drawing the district court's attention to the objected-to matters. <u>See</u> <u>United States v. Hester</u>, 140 F.3d 753, 761-62 (8th Cir. 1998) (defendant waived objections, precluding appellate review, where he objected to various aspects of PSR, but declined district court's invitation to be heard on objections at sentencing, did not request rulings on objections, and allowed sentencing to be completed without drawing court's attention to objected-to matters). Willoughby's ineffective-assistance claim should be deferred to § 2255 proceedings. <u>See</u> <u>United States v. Martin</u>, 59 F.3d 767, 771 (8th Cir. 1995).

After review of counsel's <u>Anders</u> brief, along with our independent review of the record in accordance with <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous issues. Accordingly, we affirm the judgment of the district court, and we grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-2-